# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 18-50386
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 27, 2018

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GONZALO HOLGUIN-HERNANDEZ,

Defendant-Appellant

————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:16-CR-33-3

————

Before BENAVIDES, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Gonzalo Holguin-Hernandez pleaded true to the allegation that he violated a condition of his supervised release by committing a new offense, and the district court revoked his term of supervised release and sentenced him to 12 months of imprisonment, to be served consecutive to the sentence for his new conviction. Holguin-Hernandez's 12-month sentence was within the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50386

sentencing ranges recommended by the Guidelines policy statements for a Grade A violation.

For the first time, Holguin-Hernandez argues that his 12-month total sentence is greater than necessary to effectuate the sentencing goals of 18 U.S.C. § 3553(a) and is therefore unreasonable. Our review is confined to whether the sentence is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Because Holguin-Hernandez failed to raise his challenges in the district court, our review is for plain error only. *United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). Although Holguin-Hernandez acknowledges that we apply plain error review when a defendant fails to object in the district court to the reasonableness of the sentence imposed, he notes there is a circuit split on the issue and seeks to preserve the issue for possible further review.

Holguin-Hernandez has failed to show that the imposition of the 12-month total sentence constituted a clear or obvious error. The 12-month revocation sentence is within the applicable advisory Guidelines policy statement ranges. *See* U.S.S.G. § 7B1.4(a). The district court's order that the revocation sentence run consecutively to the illegal reentry sentence is consistent with U.S.S.G. § 7B1.3(f), p.s., which provides that "[a]ny term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving."

The judgment of the district court is AFFIRMED.